[No. 7668–0–I.   Division One.   October 6, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT EDWIN MELIN, *Appellant.*

*Allen & Hansen, Richard A. Hansen,* and *Harold E. Baily,* for appellant.

*David Thiele, Prosecuting Attorney,* and *H. Clarke Harvey, Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

By this appeal, the defendant, Robert Edwin Melin, a 20–year–old sailor at the Whidbey Island Naval Air Base, challenges the legality of the search and seizure which led to his arrest and conviction for possession of a controlled substance.

Early in the evening of December 1, 1978, the police executed a search warrant for marijuana at a mobile home in a rural area near Oak Harbor, Washington. The warrant was limited to the mobile home and did not name any persons to be searched. Before beginning the search, the officer in charge of the search detail ordered the six or seven police officers involved in the project to stop, identify and frisk for weapons all persons approaching the mobile home during the search. Evidently a party had been planned for that evening and a number of vehicles subsequently drove up the 200–foot driveway whereupon the occupants were stopped, frisked and detained.

The defendant, accompanied by two passengers, drove into the driveway. The defendant drove approximately 100 feet, or halfway up the driveway leading to the mobile home, then stopped and attempted to back up. A police officer stepped behind the vehicle blocking it and ordered the defendant to stop and turn off his engine which he did. The defendant and his two passengers were detained, then ordered to exit the vehicle and produce identification which they all did.

During the detention, neither the defendant nor his passengers interfered with the search or failed to cooperate in any way nor did they appear to anyone to be armed or otherwise dangerous.

When the defendant was ordered out of his automobile, he produced identification and then ran away. He was pursued by a police officer and appeared to drop something as he ran, but escaped. The pursuing officer found two baggies of green vegetable matter on the ground and gave them to the officer in charge.

The officer in charge at the scene then searched the vehicle without a warrant and without anyone's consent. He found a blue parka on the seat and searched its pockets. In the pocket the officer "discovered a 35–mm film canister, which contained a green, vegetable matter, a stone smoking pipe, and a plastic baggie containing individually wrapped paper packets." The defendant soon returned to the vehicle and the officer asked him if the jacket belonged to him and when he said it did, the officer placed him under arrest and advised him of his constitutional rights. The items seized later were determined to be marijuana and methamphetamines.

The trial court denied a defense motion to suppress the evidence. The defendant waived his right to a jury trial and, based on stipulated facts, was convicted of possessing methamphetamines—the pills in the packet in the jacket in the car. He was found not guilty of possessing marijuana.

One issue is dispositive.

ISSUE

Did the stop and warrantless search of the defendant's automobile violate the fourth amendment to the United States Constitution?

DECISION

CONCLUSION. The search was not legal; the case is reversed and remanded to the trial court.

■ The police may stop vehicles approaching the scene of a search to prevent them from interfering with the search. *See State v. Howard,* 7 Wn. App. 668, 502 P.2d 1043 (1972). Such a limited stop, however, is not a license to detain and frisk all persons approaching within 100 feet of the location of the search in the absence of an articulable reason to believe the individuals have committed a crime. *Ybarra v. Illinois,* 444 U.S. 85, 62 L. Ed. 2d 238, 100 S. Ct. 338 (1979). The Fourth Amendment was adopted by our forefathers to guard against just such a general stop and search authority by the state. The scope of the stop and frisk order exceeded constitutional limitations.

■ The State's arguments justifying the warrantless search of defendant's automobile are not persuasive. Warrantless searches are per se unreasonable under the Fourth Amendment subject only to a few well established and carefully delineated exceptions. *Katz v. United States,* 389 U.S. 347, 357, 19 L. Ed. 2d 576, 88 S. Ct. 507 (1967).

■ The State argues that the warrantless search was permissible because the police had probable cause to believe the automobile contained contraband; an exigency existed because the incident occurred in a rural area at night and the vehicle was partially blocking the driveway. The mere fact that it would be inconvenient to obtain a warrant does not excuse the police from doing so. *See State v. Daugherty,* 22 Wn. App. 442, 446, 591 P.2d 801 (1979), *aff'd,* 94 Wn.2d 263, 616 P.2d 649 (1980); *State v. Orcutt,* 22 Wn. App. 730, 737, 591 P.2d 872 (1979). In this case the search occurred in the early evening after the defendant had exited his vehicle and the vehicle was in no danger of

being moved. No exigency existed and a warrant should have been obtained prior to the search.

The State also argues that the warrantless search of the automobile was justified under the community caretaking exception in order to ascertain its owner. That exception does not apply because there was no indication that the automobile had been stolen and thereafter abandoned. The police knew the defendant was the driver and they had his identification in their possession. Therefore, it was not necessary to enter the vehicle to ascertain ownership. *See State v. Orcutt, supra* at 735.

The evidence obtained by the illegal search and seizure is suppressed. The remaining assignments of error are therefore moot.

Reversed and remanded.

CALLOW, C.J., and SWANSON, J., concur.