[Nos. 166-3, 204-3.   Division Three.   July 27, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. PRESTON WILLIS, JR., *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH SHANKS, *Appellant*.

*Sid E. Wurzburg*, for appellants (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney*, and *James B. Crum, Deputy*, for respondent.

GREEN, J.—Defendants, Preston Willis, Jr. and Joseph Shanks, were convicted of robbery and by special verdict found armed with a deadly weapon. Both defendants were

sentenced to the mandatory minimum required by RCW 9.95.040.[1]

First, defendants assign error to the trial court's failure to give a larceny by trick instruction. Since defendants' proposed larceny by trick instruction is not set out in their brief, the claimed error cannot be considered on appeal. CAROA 43; *State v. Gregory*, 73 Wn.2d 537, 540, 439 P.2d 400 (1968). It is noted, however, the court did instruct on the crime of larceny as an included offense to robbery.

Next, defendants assign error to the special verdict finding both defendants armed with a deadly weapon. Since only one weapon was used, it is contended only one defendant could be found to have been armed with it under RCW 9.95.015.[2] Hence, it was error to have submitted one special verdict that included both defendants. The effect of the claimed error, it is argued, was to confuse the jury, diminish their ability to differentiate each individual defendant's guilt or innocence and subject the defendant not in possession of the weapon to the penalties of RCW 9.95.040. We disagree.

We find no merit to the contention the jury was con-

---

[1] RCW 9.95.040 provides in part: "The following limitations are placed on the board of prison terms and paroles with regard to fixing the duration of confinement in certain cases, notwithstanding any provisions of law specifying a lesser sentence, to wit:

"(1) For a person not previously convicted of a felony but armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than five years.

"(2) For a person previously convicted of a felony either in this state or elsewhere and who was armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than seven and one-half years."

[2] RCW 9.95.015 provides: "In every criminal case wherein conviction would require the board of prison terms and paroles to determine the duration of confinement and wherein there has been an allegation and evidence establishing that the accused was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused was armed with a deadly weapon, as defined by RCW 9.95.040, at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it find the defendant guilty, also find a special verdict as to whether or not the defendant was armed with a deadly weapon, as defined in RCW 9.95.040, at the time of the commission of the crime."

fused. Court's instruction No. 18 carefully told the jury they must find the guilt or innocence of *each* defendant separately, both with respect to the crime of robbery and the included offense of larceny. In fact, the jury returned individual verdicts of guilty as to *each* defendant with respect to the crime of robbery. This instruction also told the jury that if the defendant, or defendants, were found not guilty of robbery or larceny they need not answer the interrogatory (special verdict) as to whether "such defendant or defendants were or were not armed with a deadly weapon."

Likewise, we find no merit to the contention that where only one deadly weapon is used by two defendants, only the defendant having actual possession can be subjected to the enhanced penalties of RCW 9.95.040. A "principal" is defined as follows:

RCW 9.01.030:

> Every person concerned in the commission of a felony . . . whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent . . . is a principal, and shall be proceeded against *and punished as such.*

(Italics ours.) Defendants were both tried and convicted as principals. The question is whether both should receive the enhanced penalty. We believe they should. Otherwise, the provision "shall be punished as such" would have no meaning. The clear intent of the statute defining a "principal" is that all participants are subject to equal punishment. This having been the law for over half a century, we must presume the legislature took it into consideration at the time RCW 9.95.015 was enacted. Under RCW 9.95.015, where "the accused was armed with a deadly weapon at the time of the commission of the crime" the enhanced penalty shall be imposed. In this case the "accused" were both defendants. Even though only one of the defendants was in fact armed with a deadly weapon, both must be deemed armed for the purpose of imposing punishment under the statutory definition of "principal." Both must be

subject to the same punishment. In *State v. Zornes*, 78 Wn.2d 9, 475 P.2d 109 (1970), while construing a criminal statute, the court applied the following rules of statutory construction at pages 13, 15:

> [T]he court seeks to find the legislative intent, and to give effect to the legislative purpose. Courts will not ascribe to the legislature a vain act, and a statute should, if possible, be so construed that no clause, sentence, or word shall be superfluous, void, or insignificant. [Citing case.]
>
> . . .
>
> Where two statutes apply to the same subject matter, we bear in mind that the two statutes will be reconciled if possible so that effect can be given to each.

We believe the result reached in this case is in keeping with these rules of statutory construction.

California, construing similar statutes, reached the same result under a "principal" statute that did not include the phrase "shall be punished as such." In *People v. Perryman*, 250 Cal. App. 2d 813, 58 Cal. Rptr. 921 (1967), the court said at page 820:

> Precisely this question was considered by the court in *People v. Stevens*, 32 Cal.App.2d 666, [90 P.2d 595]. The court discusses the purpose of statutes providing increased punishment when a deadly weapon is used in the perpetration of a crime that may be committed without its use. It is pointed out that the legislative intent adheres to an aider and abettor as much as to the participant who has possession of the weapon. The court said, at pages 670-671: ". . . it must be held that the participation of a defendant not actually in possession of the weapon by aiding and abetting the actual possessor in the unlawful use of the weapon makes the former equally liable with his armed confederate to the added penalty inflicted upon defendants who commit crimes through the use of dangerous and deadly weapons. To hold otherwise would to a marked degree nullify, impair and materially weaken the objects sought to be accomplished by this salutary legislation.
>
> "We have given careful consideration to the New York cases cited by appellant [citations], wherein the courts of that state hold that under statutes similar to ours the

extra punishment provided is to be imposed only upon the one in actual and personal possession of the dangerous weapon. We are, however, constrained to hold that the better reasoning and more correct conclusions are found in the cases decided by the appellate courts of our own state."

Also see 77 C.J.S. *Robbery* § 54, at 522. The holding in the instant case is even more compelling in view of the provisions of our "principal" statute requiring the aider and abettor be subjected to the same punishment as the one he aids.

Our robbery statute, while not providing for degrees of robbery, RCW 9.75.010, does provide for enhanced punishment if armed at the time with a deadly weapon. RCW 9.95.015. Other states, rather than having an enhanced punishment statute, provide that a robbery committed with a deadly weapon constitutes robbery in the first degree and upon conviction shall carry more severe punishment. In those states one who, without possession of a deadly weapon, aids and abets another who possesses a deadly weapon shall be found guilty as a principal in the commission of first-degree robbery and punished accordingly. *State v. Shon*, 47 Hawaii 158, 385 P.2d 830 (1963); *People v. Touhy*, 31 Ill. 2d 236, 201 N.E.2d 425 (1964); *Carter v. State*, 27 Wis. 2d 451, 134 N.W.2d 444, 136 N.W.2d 561 (1965), *cert. denied*, 383 U.S. 948, 86 S. Ct. 1206, 16 L. Ed. 2d 211 (1966); *State v. Sutton*, 277 Minn. 157, 152 N.W.2d 57 (1967). See also 77 C.J.S. *Robbery* § 32, at 470. We believe the legislature, in enacting RCW 9.01.030 and RCW 9.95.015, intended to reach this same result.

Accordingly, judgment is affirmed.

MUNSON, C.J., and EVANS, J., concur.

Petition for rehearing denied August 3, 1971.

Review denied by Supreme Court August 26, 1971.