[No. 2751-3.   Division Three.   June 26, 1979.]

THE STATE OF WASHINGTON, *Respondent, v.* SHEPHERD
LEE WALKER, *Appellant.*

*Richard L. Cease, Public Defender,* and *Richard F.
Ayres, Jr., Deputy,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Gregory
G. Staeheli, Deputy,* for respondent.

MUNSON, J.—Shepherd Lee Walker appeals from the
denial of his motion to strike so much of a first–degree

robbery information which alleged he was armed with a deadly weapon and firearm under the provisions of RCW 9.95.040[1] and RCW 9.41.025,[2] respectively.

Mr. Walker contends the first–degree robbery statute, RCW 9A.56.200(1),[3] has superseded the enhanced penalty provisions of the deadly weapon and firearm statutes insofar as they pertain to that crime. He asks that we reverse and remand the cause for a new trial upon an information alleging the crime of first–degree robbery without the allegations of violations of the enhanced penalty statutes.

█ Subsequent to the trial court's ruling in this matter, *State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978), held that the enhanced penalty provision of RCW 9.41.025 cannot be applied to first–degree robbery cases because the legislature has provided for an appropriately enhanced penalty for that crime. Nonetheless, the application of RCW 9.95.040, which is addressed to the parole board, restricting its power to parole a person convicted of a commission of a felony while armed with a deadly weapon, was specifically approved in first–degree robbery cases. *State v. Workman, supra* at 455. Therefore, the court erred only in denying the motion to strike the allegation concerning RCW 9.41.025. *Cf. State v. Foster*, 91 Wn.2d 466, 477, 589 P.2d 789 (1979); *State v. Caldwell*, 23 Wn. App. 8, 11, 591 P.2d 849 (1979).

█ We note Mr. Walker also challenges the application of the enhanced penalty statutes on the ground that the

---

[1]The statute sets mandatory minimum terms of confinement, limiting the exercise of discretion by the Board of Prison Terms and Paroles.

[2]Pursuant to the statute, the trial court cannot suspend or defer mandatory minimum terms of imprisonment.

[3]RCW 9A.56.200(1) provides:

"(1) A person is guilty of robbery in the first degree if in the commission of a robbery or of immediate flight therefrom, he:

"(a) Is armed with a deadly weapon; or

"(b) Displays what appears to be a firearm or other deadly weapon; or

"(c) Inflicts bodily injury."

prosecutor's discretion to seek varying degrees of punishment for the crime of first–degree robbery violates his right to equal protection of the laws. In *State v. Workman, supra* at 456, the court rejected a similar argument, saying:

[W]here the particular circumstances of the case merit, the State may seek to restrict an individual's parole possibilities, or enhance a penalty not already increased by statute. Where such selective enforcement of criminal statutes is not arbitrary, capricious or based on unjustifiable standards it does not deny equal protection.

The prosecutor argues that strict application of the *Workman* rule could allow the court to grant an armed robber probation, yet require the court to sentence a misdemeanant defendant, who was armed, to at least 5 years in a state penal institution.[4] The argument would be more persuasive had not the legislature repealed every misdemeanor or gross misdemeanor categorized as "inherently dangerous" in RCW 9.41.025(4), either changing the definition of the crime or its classification, in some instances to a felony.[5] We note, without passing upon the question, that it is doubtful whether any of the present misdemeanors or

---

[4]For a discussion of a similar anomaly regarding the distinction between first– and second–degree assault, *see State v. Caldwell, supra; see also State v. Foster, supra.*

[5]

| Crime | Former RCW Section | Repealing/Reclassifying Statute |
|---|---|---|
| Assault in the third degree | RCW 9.11.030 | 9A.98.010(29) |
| Provoking assault | RCW 9.11.050 | 9A.98.010(31) |
| Interfering with public officer | RCW 9.18.090 | 9A.98.010(41) |
| Disturbing meeting | RCW 9.27.010 | 9A.98.010(64) |
| A riot | RCW 9.27.040–.050 | 9A.98.010(67–68) |
| Remaining after warning | RCW 9.27.070 | 9A.98.010(70) |
| Obstructing firemen | RCW 9.40.020 | 9A.98.010(106) |
| Petit larceny | RCW 9.54.090 | 9A.98.010(152) |
| Injury to property | RCW 9.61.010–.110; .220 | 9A.98.010(159–170) |
| Intimidating public officer | RCW 9.69.050 | 9A.98.010(178) |
| Shoplifting | RCW 9.78.010–.020; .040 | 9A.98.010(200–202) |
| Indecent liberties | RCW 9.79.080 | 9A.98.010(207) |
| Solicitation of minor for immoral purposes | RCW 9.79.130 | 9A.98.010(212) |

gross misdemeanors so categorized in RCW 9.41.025(4) would be subject to the enhanced penalty set forth in that statute in view of the repeal and/or reclassification of the crimes named therein.[6] In light of *Workman* and the passage of the Washington Criminal Code, effective July 1, 1976, if the legislature desires to attach an enhanced penalty to designated misdemeanors or gross misdemeanors, it would appear that RCW 9.41.025(4) needs further legislative attention.[7]

The judgment of the Superior Court is reversed insofar as it denied the motion to strike from the information the allegation of a violation of RCW 9.41.025. Therefore, this matter is remanded for resentencing in accordance with *State v. Workman, supra.*

GREEN, C.J., and McINTURFF, J., concur.

---

*See also State v. Stephens,* 22 Wn. App. 548, 553-59, 591 P.2d 827 (1979), for a discussion of this issue.

[6]The possible exception is petit larceny, which has been redefined in RCW 9A.56.050 as theft in the third degree, but must be read in the context of RCW 9A.56.100, which states: "All offenses defined as larcenies outside of this title shall be treated as thefts as provided in this title."

[7]Substitute House Bill No. 498 was an effort to attend to this issue although it was not adopted during the last legislative session. It would have deleted from the list of "inherently dangerous" misdemeanors or gross misdemeanors the following: third-degree assault, provoking an assault, interfering with a public officer, disturbing a public meeting, riot, remaining after warning, obstructing firemen, petit larceny, injury to property, intimidating a public officer, shoplifting, indecent liberties and soliciting. It would have put in their place the following: obstructing a public servant, intentionally disrupting any lawful assembly or meeting of persons without lawful authority, riot, failure to disperse, third-degree theft, third-degree malicious mischief, resisting arrest and communication with a minor for immoral purposes.