[No. 7897–6–I. Division One. February 23, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD MURRAY HAYDEN, *Defendant,* JEFFREY CONRAD TYMONY, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. JEFFREY CONRAD TYMONY, *Appellant.*

*Joseph Breidenbach,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Dennis Nollette, Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

Jeffrey Conrad Tymony appeals a judgment and sentence finding him guilty of three counts of first degree robbery while armed with a deadly weapon and an order revoking probation on a previous second degree assault conviction. He has also filed a personal restraint petition which has been consolidated with the appeal.

On September 26, 1978, three people in Seattle, Washington were robbed of their wallets and purses by two men, one of whom possessed a firearm. A few weeks later, Tymony and an acquaintance were stopped in Beverly Hills, California, by two police officers for making an improper lane change without signaling. As the officers approached the stopped vehicle, it appeared that the driver, Tymony, handed something to his companion, who closed the glove compartment. The officers were concerned that the vehicle was stolen because the license plate was wired on and the occupants were attempting to evade them. Tymony and his companion exited the vehicle at the request of the officers and were subjected to a pat–down search for weapons. Neither Tymony nor his companion produced identification upon request, nor could Tymony produce the vehicle's registration. When one of the officers asked Tymony for permission to look into the glove compartment, he replied, "[Y]ou can go ahead and look if you want." Inside the glove compartment the officer discovered a purse. The officer inquired as to the ownership of the purse, and was advised by Tymony that it belonged to his "old lady." The officer then opened the purse and found a driver's license, credit cards, and a checkbook which were later determined to belong to the robbery victims. Tymony and his companion were then placed under arrest.

Following a trial to the court, Tymony was found guilty

of three counts of first degree robbery while armed with a deadly weapon and his probation on a previous charge was thereafter revoked.

Six issues are raised in the appeal.

## ISSUES

ISSUE ONE. May Tymony object to the search and seizure of a stolen purse found in the glove compartment of the automobile he was driving as violative of the Fourth Amendment and article 1, section 7, of the Washington State Constitution?

ISSUE TWO. Was the search and seizure reasonable under the Fourth Amendment and article 1, section 7, of the Washington State Constitution?

ISSUE THREE. Is Tymony subject to the enhanced penalties of RCW 9.95.040 because of evidence that an accomplice displayed a deadly weapon during the commission of the robberies?

ISSUE FOUR. May the Board of Prison Terms and Paroles impose the mandatory minimum requirements of RCW 9.95.040 for the crime of first degree robbery?

ISSUE FIVE. Did the trial court abuse its discretion in denying a motion for a new trial based upon the recantation of a State's witness?

ISSUE SIX. Was Tymony denied his right to effective assistance of counsel?

## DECISION

ISSUE ONE.

CONCLUSION. Under the facts of this case Tymony may not object to the search of the stolen purse.

 Recent Washington State and United States Supreme Court cases have clarified when a defendant may object to a search as violative of the Fourth Amendment and article 1, section 7, of the Washington State Constitution. In *State v. Simpson*, 95 Wn.2d 170, 174, 622 P.2d 1199 (1980), the court stated:

As a general rule, the "'rights assured by the Fourth Amendment are personal rights, [which] . . . may be enforced by exclusion of evidence only at the instance of one whose own protection was infringed by the search and seizure.'" *Rakas v. Illinois,* 439 U.S. 128, 138, 58 L. Ed. 2d 387, 99 S. Ct. 421 (1978); *United States v. Salvucci,* 448 U.S. 83, 65 L. Ed. 2d 619, 100 S. Ct. 2547 (1980). Thus, a defendant generally may challenge a search or seizure only if he or she has a personal Fourth Amendment privacy interest in the area searched or the property seized. *Salvucci,* at 86–87; *Rakas,* at 140. The defendant must personally claim a "'justifiable,' . . . 'reasonable,' or . . . 'legitimate expectation of privacy' that has been invaded by governmental action." *Smith v. Maryland,* 442 U.S. 735, 740, 61 L. Ed. 2d 220, 99 S. Ct. 2577 (1979); *Rakas,* at 143.

*See also State v. Grundy,* 25 Wn. App. 411, 607 P.2d 1235 (1980).

 The court in *Simpson* also interpreted article 1, section 7, of the Washington State Constitution as conferring upon the defendant a higher degree of protection than is provided by the United States Constitution:

[O]ur constitution's privacy clause, with its specific affirmation of the privacy interests of all citizens, encompasses the right to assert a violation of privacy as a result of impermissible police conduct at least in cases where, as here, a defendant is charged with possession of the very item which was seized. . . .

. . .

. . . [A] defendant has "automatic standing" to challenge a search or seizure if: (1) the offense with which he is charged involves possession as an "essential" element of the offense; and (2) the defendant was in possession of the contraband at the time of the contested search or seizure.

*State v. Simpson, supra* at 180–81.

Here, Tymony was charged with first degree robbery which does not have possession as an essential element. He is accordingly not entitled to the benefit of the "automatic standing" doctrine under article 1, section 7, of the Washington constitution. Tymony must therefore demonstrate

that he had a personal privacy interest in either the area searched or the property seized.

In determining whether a defendant has a personal privacy interest, the court in *Rakas v. Illinois,* 439 U.S. 128, 58 L. Ed. 2d 387, 99 S. Ct. 421 (1978), focused on whether the defendant possessed a legitimate expectation of privacy as to the item or area searched.

> Obviously, however, a "legitimate" expectation of privacy by definition means more than a subjective expectation of not being discovered. A burglar plying his trade in a summer cabin during the off season may have a thoroughly justified subjective expectation of privacy, but it is not one which the law recognizes as "legitimate." . . . And it would, of course, be merely tautological to fall back on the notion that those expectations of privacy which are legitimate depend primarily on cases deciding exclusionary–rule issues in criminal cases. Legitimation of expectations of privacy by law must have a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society. One of the main rights attaching to property is the right to exclude others, . . . and one who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of this right to exclude.

(Citations omitted.) *Rakas v. Illinois, supra* at 143 n.12.

In considering the facts of this case, we hold that Tymony did not have a legitimate expectation of privacy as to the search and seizure of the stolen purse. Tymony may have had a subjective and reasonable expectation of privacy as to the glove compartment of the automobile he was driving. However, when he permitted the officers to look inside the glove compartment and view the stolen purse, which he stated belonged to his "old lady," it is clear that he did not have subjective expectation of privacy in the purse. In addition, we find that any expectation of privacy was unreasonable. Although a person lawfully in possession of property may have sufficient and legitimate expectations, a person who possesses stolen property has no right to

exclude others from that property.

Tymony's attempt to challenge the search and seizure of the stolen purse which he voluntarily exposed to the officers is analogous to the situation of the burglar discussed in *Rakas* at footnote 12. Tymony may have had a subjective expectation of privacy in the purse, but "it is not one which the law recognizes as 'legitimate.'" *Rakas v. Illinois, supra.* Because Tymony did not have a personal privacy interest in the purse, he may not challenge its search and seizure as unconstitutional.

ISSUE TWO.

CONCLUSION. We conclude after considering all the facts and circumstances that the search and seizure of the purse was reasonable.

In *State v. Melin,* 27 Wn. App. 589, 592, 618 P.2d 1324 (1980), we recently reaffirmed that the Fourth Amendment was adopted to guard against general stops and searches of automobiles by the State. We hold, however, that the officers here acted reasonably in stopping the vehicle and, after receiving permission to look in the glove compartment, searching the purse for identification to determine whether the automobile was stolen.

In *State v. Webster,* 20 Wn. App. 128, 136, 579 P.2d 985 (1978), the court stated:

> Whether a particular action is reasonable depends upon a balancing of the interests involved, *i.e.,* the need to search against the resulting intrusion. In applying this test to the case at hand, we find the following situation: the male defendant had in his possession a woman's purse; he volunteered a plausible explanation as to its ownership; the officer did not have time to obtain a search warrant and instead chose the slight intrusion of opening the purse so as to search for identification; it was a limited search as opposed to a general exploratory search of the purse; and upon finding the identification the search terminated. It is against these circumstances which the reasonableness of the officer's conduct must be tested. We cannot say that such police action is an unreasonable intrusion where the officer observes the defendant's suspicious activity and then chooses the

quickest, most practical and least intrusive manner of ascertaining whether or nor the plausible explanation given by the defendant is in fact true.

(Citations omitted.) Here, Tymony and his companion were stopped for a traffic offense. As the officers approached the vehicle they noticed that the license plate was wired on and the occupants placed something in the glove compartment. Neither Tymony nor his companion was able to produce identification or the vehicle's registration. Tymony permitted the officers to look in the glove compartment and on observing the woman's purse the officer acted reasonably in continuing his attempt to find the vehicle's registration in order to determine whether the vehicle had in fact been stolen. As was stated in *State v. Webster, supra* at page 137, "[w]e fail to see how there can be any constitutional invasion of the defendant's rights if the officer field checks for identification relating to the true ownership of the property . . ."

ISSUE THREE.

CONCLUSION. A defendant's punishment may be enhanced under RCW 9.95.040 based upon the use of a deadly weapon during the commission of the crime even if the only person armed was an accomplice.

■ This issue was recently resolved in *State v. Silvernail,* 25 Wn. App. 185, 192, 605 P.2d 1279 (1980), where the court held that a defendant is deemed armed for purposes of RCW 9.95.040 "if another accused who participated in the same offense is armed." *Accord, State v. Rieger,* 26 Wn. App. 321, 613 P.2d 163 (1980).

ISSUE FOUR.

CONCLUSION. The enhancement provisions of RCW 9.95-.040 may be applied to the crime of first degree robbery.

■ In *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978), the court held that the enhancement provisions of RCW 9.41.025 may not be applied to first degree robbery. The court, however, distinguished the enhancement provisions of RCW 9.95.040 and held that the Board of Prison Terms and Paroles may impose the mandatory minimum

requirements under RCW 9.95.040 for the crime of first degree robbery. *Accord, In re Carle,* 93 Wn.2d 31, 604 P.2d 1293 (1980); *State v. Loux,* 24 Wn. App. 545, 604 P.2d 177 (1979); *State v. Walker,* 23 Wn. App. 618, 597 P.2d 453 (1979).

ISSUE FIVE.

CONCLUSION. The trial court did not abuse its discretion.

■ Tymony contends that the trial court abused its discretion in denying his motion for a new trial made at the time of sentencing which is based upon the affidavit of a witness who is alleged to have perjured himself at trial when he testified that in October of 1978 he was approached by Tymony to cash a check and when he went to cash it he was told by the bank that the check had been stolen. The witness also testified that he had seen Tymony once a week or more in September and October of 1978, thus placing him in the state of Washington, contrary to Tymony's alibi defense. In denying the motion the trial court stated:

> [The witness] testified to some transactions with the defendant after the alleged robbery. There are sufficient facts to sustain the conviction, even if we didn't use his testimony. I will deny your motion and proceed to sentencing.

The trial court's decision in denying the motion demonstrates that the court reviewed the recantation as evidence that would not change the result if a new trial were granted. Under these circumstances, it cannot be stated that the trial court abused its discretion in denying Tymony's motion for a new trial. *See State v. Rolax,* 84 Wn.2d 836, 529 P.2d 1078 (1974); *State v. Letellier,* 16 Wn. App. 695, 558 P.2d 838 (1977).

ISSUE SIX.

CONCLUSION. The record does not demonstrate that Tymony was denied effective assistance of counsel.

Tymony contends in his personal restraint petition which has been consolidated with this appeal that he was denied effective assistance of counsel because he advised his trial

attorney of many alibi witnesses, but that only one witness was called. He also argues that the record does not indicate that the motion for a new trial or an affidavit in support thereof was filed by an attorney. We find no merit to these contentions.

The decision of whether to call one or more alibi witnesses is a matter of trial strategy which is not a basis for a claim of ineffective assistance of counsel. *State v. Jury*, 19 Wn. App. 256, 576 P.2d 1302 (1978).

As for Tymony's claim concerning his motion for a new trial, the record shows that such a motion was made and considered. The trial court expressly stated on the record that it received the affidavit in support of the new trial, but determined in its discretion that even in the absence of the recanted testimony there were sufficient facts to sustain the conviction. Tymony's claim of ineffective assistance of counsel is therefore not well taken.

Affirmed.

JAMES, C.J., and DURHAM, J., concur.

Reconsideration denied April 22, 1981.

Review denied by Supreme Court June 25, 1981.