[No. 47255-6.   En Banc.   December 10, 1981.]

THE STATE OF WASHINGTON, *Respondent*, v. DENNIS
W. RIEGER, ET AL, *Petitioners.*

Ronald A. Hammett, Bannister, Bruhn, Cuningham & Clark, by John R. Cuningham, and Angevine & Johnson, by Earl F. Angevine, for petitioners.

C. Thomas Moser, Prosecuting Attorney, for respondent.

DOLLIVER, J.—Dennis W. Rieger, Margaret J. Rodriquez and Edwin A. Deveny were convicted by a jury of attempted burglary in the second degree. The jury also returned a special verdict finding that all three defendants were armed with, or in possession of, a firearm at the time of the commission of the attempt. RCW 9.41.025. After hearings on the defendants' motions for a new trial, the trial court struck the special verdict on the ground that there was insufficient evidence to submit that issue to the jury. Defendants appealed the conviction; the State cross–appealed, assigning error to the striking of the special verdict.

The Court of Appeals affirmed the judgments of conviction and reinstated the special verdicts. State v. Rieger, 26 Wn. App. 321, 613 P.2d 163 (1980).

On Saturday, October 14, 1978, at approximately 3 a.m., witnesses observed two men apparently participating in a break–in of a beauty shop in Burlington. Both witnesses were located across the street in a second–story apartment unit. Their window faced the beauty shop. One of the men was observed attempting entry with a jack handle while the other appeared to be a lookout. The witnesses called police. A Burlington police officer arrived, questioned the men, but then left.

A short time later, a Sedro Woolley police officer, while on patrol, observed the three defendants in an alley near a drugstore in Sedro Woolley. They said they were lost. The officer gave directions and they left. On their way back to

their car defendants passed a garbage container in the alley. Immediately after their departure, the officer noticed a jack protruding from the back door of the drugstore. He subsequently followed defendants and called for assistance. The vehicle was stopped. Defendants denied any illegal involvement.

Two days later, on the following Monday morning, a sanitation engineer found a loaded gun and a small crowbar in one of several boxes next to a garbage container in the alley. No fingerprints matching those of the defendants were found on the gun. However, the doors of the drugstore and beauty shop had marks which, an expert testified, could have been made by the crowbar.

The issues before us are confined to questions involving the special verdict on the possession of a firearm: (1) Was there sufficient evidence to submit this issue to the jury? and (2) Did the court err in submitting instructions Nos. 8–B and 15–A, dealing with the possession of a firearm, to the jury?

After a thorough examination of the record, we agree with the conclusion reached by the trial court: That, while there was sufficient evidence to convict the defendants of burglary in the second degree, there was insufficient evidence to submit to the jury the question of whether defendants were in possession of a firearm. The evidence showed the three defendants were seen at the door of the drugstore. They were seen going from the door to their vehicle. On their way to the vehicle they were seen going by a garbage facility. Two days later, in a box by the garbage container, a crowbar and a gun were found. An expert testified that the crowbar could have been used to make the marks found in the drugstore door. This was the entire evidence on the firearm.

The experienced trial judge who heard the testimony and who at the time of the consideration of the motions for a new trial carefully reviewed the evidence, observed:

There is no evidence whatsoever going to show that the firearm was in any manner used in the commission of the

offense. For an example, if there had been a bullet hole through the door, if there had been a shot that had been heard by a witness, if there had been some evidence of something that "looked like a gun," there would have been evidence connecting a gun with the commission of the offense. There wasn't. The Prosecutor's next argument that a gun is something that could be expected to be involved in the commission of a burglary and that when one is found in the vicinity, a logical assumption is that the gun was in the possession of someone who commits an offense, that assumption, that link of relevancy is the only link that connects the gun found as this one was with the defendants. I repeat what I believe the assumption to be, that is that someone who commits a burglary might be believed to be armed with or in possession of a firearm because he is involved in a criminal act. I think that is the link that breaks it. I think it is the link that does not carry the weight of the jury's finding here; that simply because a firearm is found as this one was in the same box as the pry bar, that box being placed in the alley by a third party as garbage or to collect garbage, and it doesn't support the finding that the defendants were armed with this gun or in possession of it at the time they do commit the attempted burglary.

The court did not abuse its discretion. There is no reasonable basis by which the court could find from the record that there was possession, constructive or otherwise, or any knowledge by any of the defendants of the presence or even existence of the firearm, much less proof beyond a reasonable doubt to be found by the jury. *State v. Tongate,* 93 Wn.2d 751, 613 P.2d 121 (1980); *State v. Slaughter,* 70 Wn.2d 935, 425 P.2d 876 (1967). CrR 7.4. Under these circumstances, we need not pass on the validity of the instructions.

The convictions of defendants are affirmed. The remand by the Court of Appeals for the reinstatement of the firearm finding is reversed.

BRACHTENBACH, C.J., and STAFFORD, UTTER, HICKS, WILLIAMS, and DORE, JJ., concur.

ROSELLINI, J. (dissenting)—The facts of this case are that

on October 14, 1978, at about 3:30 a.m., an officer of the Sedro Woolley Police Department saw the defendants standing in an alley behind a Sedro Woolley drugstore. After losing sight of them momentarily, he saw them at the rear of a storage building down the alley from the drugstore. The defendants walked rapidly to their car and commenced to back out. As they did so, the officer stopped them and asked what they were doing. Deveny and Rodriquez replied that they were lost and asked for directions to Anacortes which the officer provided. The defendants then drove off. Shortly thereafter, the officer noticed a jack protruding from the back door of the drugstore. He radioed for assistance, then followed the defendants, who were stopped, questioned, and arrested.

At trial, a Sedro Woolley garbage collector testified that on the following Monday morning he was collecting garbage in the alley behind the drugstore when he discovered a loaded gun and small pry bar in one of several boxes next to a garbage container. This was the first collection since Friday morning. The garbage container was located adjacent to the storage building and near the place where the officer had seen the defendants. No identifiable fingerprints were found on the gun, but prints of the defendant Deveny were found on the door of the drugstore. An expert testified at the trial that there were marks on the alley door of the drugstore which probably had been made by the pry bar.

Was there sufficient evidence to submit the firearm issue to the jury? The rule is that where the trial court has a reasonable basis to believe from the evidence that the defendant, if guilty, was in possession of a firearm during the commission of the offense, it may submit the question to the jury. *See State v. Slaughter*, 70 Wn.2d 935, 940, 425 P.2d 876 (1967).

In this case, the trial court had a reasonable basis to believe that while attempting to break into the drugstore, the defendants saw the officer's patrol car and broke off the attempt. While going back to their car, the defendants then got rid of the pry bar and gun where they were later found.

There may be other hypotheses to explain the location of the gun and pry bar, but it is not the function of the trial court to weigh the merits of the various hypotheses; the jury is the exclusive judge of the weight of the evidence. *State v. Randecker,* 79 Wn.2d 512, 487 P.2d 1295 (1971). There was before the trial court a reasonable basis to believe the defendants were in possession of the gun during the attempted burglary so it was a jury question, not one of law for the court.

The evidence was circumstantial in character, but that does not detract from its value. It would be a bizarre coincidence indeed if some other person had found himself compelled to dispose of a loaded gun in the same box with the defendants' burglary tool on the same weekend. In my opinion, the only reasonable inference to be drawn from the evidence is that the gun was placed there by the defendants.

I am also of the opinion that the Court of Appeals correctly answered the defendants' contentions regarding jury instructions.

I would affirm.

DIMMICK, J., concurs with ROSELLINI, J.