[No. 47379-0. En Banc. November 18, 1982.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD FRANKLIN MCKIM, *Petitioner*.

*Lewis H. Nomura, Rosemary P. Bordlemay,* and *Michael Filipovic* of *Seattle–King County Public Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Robert S. Lasnik, Senior Deputy,* for respondent.

WILLIAMS, J.—The issue before us is whether the deadly weapon statute, RCW 9.95.040,[1] can be applied to enhance the sentence of a defendant who was not personally armed during the commission of an offense. The trial court answered affirmatively and so instructed the jury, which

---

[1]RCW 9.95.040 provides in pertinent part:

"Within six months after the admission of a convicted person to the penitentiary, reformatory, or such other state penal institution as may hereafter be established, the board of prison terms and paroles shall fix the duration of his confinement. The term of imprisonment so fixed shall not exceed the maximum provided by law for the offense of which he was convicted or the maximum fixed by the court where the law does not provide for a maximum term.

"The following limitations are placed on the board of prison terms and paroles with regard to fixing the duration of confinement in certain cases, notwithstanding any provisions of law specifying a lesser sentence, to wit:

"(1) For a person not previously convicted of a felony but armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than five years.

"(2) For a person previously convicted of a felony either in this state or elsewhere and who was armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than seven and one–half yeas."

returned a special verdict finding petitioner was armed with a deadly weapon. The Court of Appeals, Division One, agreed and affirmed the conviction and enhanced sentence. We likewise agree the deadly weapon statute may apply to a personally unarmed participant in a crime, but reverse the courts below because the jury was not instructed that it had to find petitioner knew his codefendant was so armed.

On the morning of February 5, 1978, a pharmacist at Peppel's Pharmacy in Seattle was robbed of various drugs at gunpoint by a lone individual. The pharmacist later identified Steven Lee Barry, petitioner's codefendant at trial, as the holdup man. Barry ran to a waiting getaway car driven by an individual later identified as petitioner. Both were subsequently arrested and charged with first degree robbery while armed with a deadly weapon and firearm.

The parties agree that the jury was told in instruction 7, over petitioner's objection, that for purposes of the deadly weapon and firearm allegations, "if one of the two participants is armed with a firearm and/or deadly weapon, then both are considered to be so armed." Clerk's Papers, at 16. The parties also agree petitioner was not personally armed during the robbery. The jury found petitioner guilty of first degree robbery. Additionally, the jury made a special finding, pursuant to RCW 9.95.015, that petitioner was armed with a deadly weapon and a firearm at the time of the offense. The firearm finding was later stricken by the trial court after we filed our opinion in *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978).

An appeal was taken to the Court of Appeals, Division One. In an unpublished opinion, the Court of Appeals affirmed petitioner's conviction and his enhanced sentence. A motion for reconsideration was later denied by the court. Petitioner then filed a petition for review in this court, but consideration of the petition was deferred pending our final decision in *State v. Rieger,* 96 Wn.2d 546, 637 P.2d 236 (1981). We found it unnecessary in *Rieger* to decide the issue squarely presented in this case, so we granted this petition to resolve the issue of the applicability of the

deadly weapon statute.

The question here is whether the statutory language of RCW 9.95.015 and .040 can be construed to cover the situation in this case. In interpreting statutory language, it is the duty of the court to ascertain and give effect to the intent and purpose of the Legislature, as expressed in the act. *In re Lehman,* 93 Wn.2d 25, 27, 604 P.2d 948 (1980); *Burlington N., Inc. v. Johnston,* 89 Wn.2d 321, 326, 572 P.2d 1085 (1977).

In *Workman,* we held that application of the enhancement provision of RCW 9.41.025 was improper when the use of a firearm had already enhanced the penalty for the substantive crime of first degree robbery. In considering the consolidated cases, we concluded:

> In neither case may the State seek to invoke the provisions of RCW 9.41.025(1) [the firearm statute], enhancing the penalty already provided by the robbery statute. *The State may, however, invoke the provisions of RCW 9.95.040* [the deadly weapon statute] *regarding restriction of parole rights.*

(Italics ours.) *Workman,* at 456–57. We distinguished the firearm statute from the deadly weapon statute in that the former is directed to the sentencing court, whereas the latter is directed only to the parole board. The above language has been followed in at least two Court of Appeals opinions to permit RCW 9.95.040 to enhance the sentence in first degree robbery convictions. *State v. Loux,* 24 Wn. App. 545, 551, 604 P.2d 177 (1979); *State v. Walker,* 23 Wn. App. 618, 619, 597 P.2d 453 (1979). Recently, we reaffirmed our adherence to the above language from *Workman* in the case of *In re Carle,* 93 Wn.2d 31, 34, 604 P.2d 1293 (1980).

In order for the deadly weapon enhancement statute to apply, a special verdict or finding of fact is required establishing that petitioner was armed with a deadly weapon at the time of commission of the offense:

> In every criminal case wherein conviction would require the board of prison terms and paroles to determine the duration of confinement and wherein there has

> been an allegation and evidence *establishing that the accused was armed with a deadly weapon* at the time of the commission of the crime, the court shall make a finding of fact of whether or not *the accused was armed with a deadly weapon,* as defined by RCW 9.95.040, at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it find the defendant guilty, also find a special verdict as to whether or not *the defendant was armed with a deadly weapon,* as defined in RCW 9.95.040, at the time of the commission of the crime.

(Italics ours.) RCW 9.95.015. Petitioner points to the above italicized language as indicating that he must be personally armed to have his sentence enhanced for a deadly weapon. He argues the only way to have his sentence enhanced by the conduct of another would be by way of the complicity statute, RCW 9A.08.020(1):

> (1) A person is guilty *of a crime* if it is committed by the conduct of another person for which he is legally accountable.

(Italics ours.) Petitioner then contends the complicity statute is inapplicable for this purpose since the deadly weapon statute does not create a separate offense, but merely limits the discretion of the Board of Prison Terms and Paroles in the setting of minimum sentences. *State v. Claborn,* 95 Wn.2d 629, 637, 628 P.2d 467 (1981). To the extent the applicability of the deadly weapon statute to petitioner depends on the complicity statute, petitioner's statutory argument is sound.

In *State v. Silvernail,* 25 Wn. App. 185, 192–93, 605 P.2d 1279 (1980), Division One of the Court of Appeals examined the same issue now before us. The court determined *State v. Willis,* 5 Wn. App. 441, 487 P.2d 648 (1971) to be the controlling authority. That case held that a defendant is deemed armed if another accused who participated in the same offense was armed with a deadly weapon. *Willis* was premised on former RCW 9.01.030, which provided in pertinent part:

> Every person concerned in the commission of a felony . . . whether he directly commits the act consti-

> tuting the offense, or aids or abets in its commission, and whether present or absent . . . is a principal, and shall be proceeded against *and punished as such.*

*Willis,* at 443. In essence, the old accomplice liability statute provided for "punishment" of an accomplice to the same extent as the principal. No parallel "punishment" provision is contained in the present statute, RCW 9A.08-.020(1).

The *Silvernail* court held the deadly weapon enhancement statute could be applied to an unarmed defendant if a codefendant was armed, since it determined the *Willis* reasoning was unaffected by the subsequent passage of RCW 9A.08.020(1). *Silvernail,* at 192–93. As we noted above, however, the new provision is quite different in that it contains no equal punishment provision for codefendants and its applicability is limited to accountability for *crimes.* It is well settled that the deadly weapon statute does not define a crime. *Claborn,* at 637. The *Silvernail* rationale has been followed by the Court of Appeals in *State v. Rieger,* 26 Wn. App. 321, 613 P.2d 163 (1980), *aff'd in part, rev'd in part,* 96 Wn.2d 546, 637 P.2d 236 (1981) and in the present case. Since we have determined the deadly weapon statute cannot be activated by the present complicity or accomplice liability statute, RCW 9A.08-.020(1), we must now disapprove of the reasoning utilized in the *Silvernail* line of cases.

Instead of relying on the complicity statute as the triggering device for penalty enhancement under RCW 9.95-.040, as in *Silvernail,* we must look to the operative language of RCW 9.95.015. That statute requires "a finding of fact of whether or not the *accused was armed* with a deadly weapon". (Italics ours.) RCW 9.95.015. In *Rieger,* we affirmed the petitioners' convictions for attempted burglary in the second degree, but struck the special verdict as to the deadly weapon statute because we could find no evidence

> that there was possession, *constructive or otherwise, or any knowledge by any of the defendants of the presence*

> *or even existence of the firearm,* much less proof beyond a reasonable doubt . . .

(Italics ours.) *Rieger,* at 549. The above italicized language left open the question of whether an accused could be armed by actual or constructive possession of a deadly weapon. We interpret the language of RCW 9.95.015 as requiring a special finding of fact that an accused was either actually armed with a deadly weapon or was constructively armed with such a weapon. The phrase "constructively armed with a deadly weapon" means the accused's accomplice must have been actually armed with a deadly weapon and the accused must have had *knowledge* that the accomplice was so armed.

In *State v. Plakke,* 31 Wn. App. 262, 266-67, 639 P.2d 796 (1982), Division Two of the Court of Appeals required the State to prove beyond a reasonable doubt that an accomplice to a first degree robbery knew his coparticipant was armed. While *Plakke* is a case involving derivative liability for a substantive crime, we believe a similar proof is required under RCW 9.95.040 as to the constructive possession of a deadly weapon. We recognize that in most crimes involving the use of deadly weapons, the coparticipants are aware that one or more of them is armed. That is no reason, however, for imposing strict liability on all coparticipants without regard to each participant's knowledge that another is so armed. Such strict liability was possible under the old accomplice liability statute at issue in *Willis.* The new complicity statute, by contrast, makes an accomplice equally liable only for the substantive crime—any sentence enhancement must depend on the accused's own misconduct. If the accused participates in a crime with *knowledge* that an accomplice is armed with a deadly weapon, the sentence enhancement can be applied.

Our cases involving enhanced punishment statutes uniformly require proof beyond a reasonable doubt to establish the facts which, if proved, will increase a defendant's penalty. *State v. Tongate,* 93 Wn.2d 751, 754, 613 P.2d 121 (1980); *State v. Murdock,* 91 Wn.2d 336, 340, 588 P.2d 1143

(1979). *See also Mullaney v. Wilbur,* 421 U.S. 684, 697–98, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975). As Mr. Justice Cardozo expressed it, "The genius of our criminal law is violated when punishment is enhanced in the face of a reasonable doubt as to the facts leading to enhancement." *People v. Reese,* 258 N.Y. 89, 101, 179 N.E. 305, 79 A.L.R. 1329 (1932). Thus, for the deadly weapon enhancement provision to apply to an unarmed codefendant, the State must prove beyond a reasonable doubt that the accused knew his or her accomplice was armed with a deadly weapon at the time of the commission of the crime. Circumstantial evidence of the accused's knowledge that the accomplice was armed would be admissible to establish such proof beyond a reasonable doubt. *State v. Tongate, supra.*

We believe our reading of RCW 9.95.015 and .040, which permit proof of actual or constructive possession of a deadly weapon to suffice, gives effect to the legislative intent expressed in the *Silvernail* case:

> *Willis* was also premised on the observation that the intent of the deadly weapon and firearm statutes applies with equal force to all participants in a crime. We believe this reasoning to be sound because the danger to human life is at least as great when several participants decide to use a deadly weapon.

(Footnote omitted.) *Silvernail,* at 192–93. One who knows an accomplice is armed can take the weapon and use it or can direct the accomplice in its use, whereas one without knowledge that the accomplice is armed presents neither danger. Since the purpose of the deadly weapon statute is to deter would-be criminals from carrying weapons which have the potential of inflicting death and injury, the statute should reach not only those who are armed, but also those who *know* an accomplice is armed.

In the case now before us, the jury was instructed that for purposes of the deadly weapon allegation, "if one of the two participants is armed with a . . . deadly weapon, then both are considered to be so armed." Clerk's Papers, at 16.

The above instruction amounts to a conclusive presumption that petitioner knew his codefendant was armed at the time of the offense. Clearly, this does not comport with our present holding that such knowledge must be established by the State beyond a reasonable doubt. Since the jury was not properly instructed on the elements and standard of proof regarding the deadly weapon allegation, we must strike the special verdict as to the deadly weapon penalty enhancement.

We affirm petitioner's conviction for robbery in the first degree, but remand this case to the trial court for resentencing without the special verdict.

UTTER, DOLLIVER, DORE, and PEARSON, JJ., concur.

ROSELLINI, J. (dissenting)—I believe the majority opinion undercuts the deterrent effect of the deadly weapon statute, RCW 9.95.015. I therefore dissent.

Prior to the passage of a new complicity statute, RCW 9A.08.020, the rule in Washington was that even though only one defendant was armed with a deadly weapon, both would be deemed armed for purposes of the enhancement provisions of RCW 9.95.015. *State v. Willis,* 5 Wn. App. 441, 487 P.2d 648 (1971). The majority opinion asserts that changes in the language of the present complicity statute require that we change this rule. I believe *State v. Silvernail,* 25 Wn. App. 185, 192–93, 605 P.2d 1279 (1980) states the better rule. That court noted:

> Under *State v. Willis,* . . . he is deemed armed if another accused who participated in the same offense is armed. While *Willis* was premised, in part, on former RCW 9.01.030, the passage of RCW 9A.08.020 did not change the rule. *Willis* was *also* premised on the observation that the intent of the deadly weapon and firearm statutes applies with equal force to all participants in a crime. We believe this reasoning to be sound because the danger to human life is at least as great when several participants decide to use a deadly weapon.

(Footnote and citation omitted. Italics mine.)

Moreover, the danger to human life is the same even if the participant does not know that his partner is armed. By agreeing to participate in a crime where a weapon *may* be present, he exhibits the same nonchalance for human life as if he knew of the weapon. It is this indifference to human life that the enhancement statute is meant to protect against. I would therefore apply the statute regardless of the defendant's knowledge.

DIMMICK, J. (dissenting)—I dissent due to the posture of this case. Petitioner did not file a report of the trial proceedings and very little of the record is before us. The lack of a record presents several problems.

First, there is no evidence to support the majority's reversal of the lower court's judgments. In the absence of the facts submitted to the jury, it is impossible to know whether the verdict should be vacated. For instance, according to a pretrial brief, there was evidence that it was in fact petitioner who approached Barry, petitioner's codefendant, regarding the possibility of robbing the pharmacy and that the night before the robbery petitioner had a revolver similar to the one used in the robbery. Since no report of the proceedings is available for us, there is no way to know whether this or additional evidence relating to petitioner's knowledge of the gun was admitted at trial. If all the facts were before us, the error found by the majority may very well have been found harmless.

Second, it is impossible to determine whether petitioner objected to the instruction in question, thus preserving the issue on appeal. RAP 2.5(a). The grounds for his objection, if any, is important but unascertainable. Instruction 7 states in its entirety:

> A person commits the crime of robbery in the first degree when in the commission of a robbery or in immediate flight therefrom he or she is armed with a deadly weapon or displays what appears to be a firearm or other deadly weapon.
>
> The term "firearm" includes any gun. The term "deadly weapon" includes any pistol, revolver, rifle or

> other "firearm".
>
> *For the purposes of this instruction,* the law provides that if one of two participants is armed with a firearm and/or deadly weapon, then both are considered to be so armed.

(Italics mine.) Clerk's Papers, at 16. The instruction does not instruct the jury as to sentence enhancement pursuant to RCW 9.95.040. It only relates to the crime of first degree robbery. Without a report of proceedings it is not possible to determine whether petitioner objected to the instruction as it applied to the crime of robbery or the deadly weapon statute. It is equally impossible to determine whether he proposed a different instruction relating to RCW 9.95.040. Unfortunately, the majority's determination that instruction 7 was erroneous may create unnecessary doubt as to its validity in its true context, *i.e.,* instructing the jury as to first degree robbery.

These problems are only two among many created by deciding a case in a legal vacuum as the majority has done. Since the petitioner bears the burden of producing a record sufficient to show error in the proceedings, and has failed to do so, I would dismiss his appeal and affirm his conviction. I, therefore, dissent.

BRACHTENBACH, C.J., and STAFFORD, J., concur with DIMMICK, J.