FILED
COURT OF APPEALS
DIVISION II

2013 NOV 13 AM 11: 14

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43207-2-II |
| Respondent, | |
| v. | |
| LARRY ALAN HAYES, | PUBLISHED OPINION |
| Appellant. | |

JOHANSON, A.C.J. — We are asked to decide whether a major economic offense sentence enhancement may be imposed when the trial court instructed the jury that the underlying conviction could be based on accomplice liability. Because the major economic offense sentence enhancement does not indicate legislative intent to extend the enhancement to accomplices, we vacate the sentence enhancement and remand for resentencing. We also direct the court on remand to correct the judgment and sentence consistent with this opinion.

## FACTS

In May 2009, Larry Alan Hayes went to trial after police found evidence that he, or an accomplice, manufactured several false identifications and credit cards and failed to return vehicles rented under a false name. *State v. Hayes*, 164 Wn. App. 459, 464-66, 262 P.3d 538 (2011). The State alleged that Hayes, or an accomplice, committed several offenses, including but not limited to, leading organized crime and six identity theft counts. *Hayes*, 164 Wn. App. at

No. 43207-2-II

463-64. Regarding the first degree identity theft charge at issue here, the court instructed the jury:

> (1) That on or about [the] period [between August 26 and September 11, 2007], *the defendant, or an accomplice*, knowingly obtained, possessed, or transferred a means of identification or financial information of Scott Mutter;
> (2) That the defendant acted with the intent to commit or aid or abet any crime;
> (3) That the defendant, or an accomplice, obtained credit, money, goods, or services that have in excess of $1500 value from the acts described in element (1) and;
> (4) That any of these acts occurred in the State of Washington.

Resp't Suppl. Clerk's Papers (CP) at 146 (Jury Instruction No. 15) (emphasis added).

The court also defined accomplice liability: "A person is guilty of a crime if it is committed by the conduct of another person for which he or she is legally accountable. A person is legally accountable for the conduct of another person when he or she is an accomplice of such other person in the commission of the crime." Resp't Suppl. CP at 142 (Jury Instruction No. 11).

The State alleged that each count, except for one drug charge, was aggravated by being a major economic offense. *Hayes*, 164 Wn. App. at 463. The trial court instructed the jury that to find that Hayes's crimes were major economic offenses, the jury had to find at least one of two factors beyond a reasonable doubt:

> (1) The crime involved multiple victims or multiple incidents per victim; or
> (2) The crime involved a high degree of sophistication or planning or occurred over a lengthy period of time.
> The above factors are alternatives. This means that if you find from the evidence that any one of the alternative factors has been proven beyond a reasonable doubt, then it will be your duty to answer "yes" on the special verdict form. To return a verdict of "yes" the jury need not be unanimous as to which alternative has been proved beyond a reasonable doubt, as long as each juror finds that at least one alternative has been proven beyond a reasonable doubt.

2

No. 43207-2-II

Resp't Suppl. CP at 177 (Jury Instruction No. 45).

The jury found Hayes guilty of all counts except one and found that each count, except one, was a major economic offense. *Hayes*, 164 Wn. App. at 466. The trial court imposed a 180-month exceptional sentence on the leading organized crime conviction and concurrent sentences within the standard range on the other convictions. *Hayes*, 164 Wn. App. at 466.

On appeal, this court reversed the leading organized crime conviction and two stolen vehicle possession convictions. *Hayes*, 164 Wn. App. at 463. This court held in part that the trial court erred in permitting Hayes to be convicted of leading organized crime even if the jury found that Hayes was merely aiding and abetting the leader. *Hayes*, 164 Wn. App. at 463. Hayes also argued that the exceptional sentence could not stand because it was impermissibly premised on accomplice liability. *Hayes*, 164 Wn. App. at 483. This court declined to address the sentencing issue after reversing the organized crime conviction on which the exceptional sentence was based. *Hayes*, 164 Wn. App. at 483. This court affirmed the remaining convictions. *Hayes*, 164 Wn. App. at 485.

Hayes returned to superior court for resentencing. The State asked the court to impose an exceptional sentence again based on the jury's major economic offense aggravating factor finding for all the remaining counts and because the facts at trial showed that Hayes deserved an exceptional sentence. The trial court determined that an exceptional sentence was appropriate for the first degree identity theft charge based on the jury's special verdicts that all the crimes were major economic offenses. Hayes appeals his exceptional sentence.

3

ANALYSIS

I. Exceptional Sentence and Accomplice Liability

Hayes argues that the trial court erroneously imposed an exceptional sentence because it did not have statutory authority to enter an exceptional sentence when his conviction was based on accomplice liability.[1] The State's sole argument is that the court may rely on accomplice liability as a basis for an exceptional sentence when the jury's special verdict findings support the exceptional sentence.[2] We agree with Hayes and hold that the trial court did not have statutory authority to rely on the major economic offense sentence enhancement to impose an exceptional sentence when the jury was instructed that guilt for the underlying offense could be based on accomplice liability. Accordingly, we vacate the sentence enhancement.

A. Standard of Review

A trial court may sentence a defendant to an exceptional sentence if (1) the jury finds by special verdict, beyond a reasonable doubt, one or more aggravating factors alleged by the State; and (2) the trial court determines that the facts are substantial and compelling reasons justifying an exceptional sentence. RCW 9.94A.535[3]; RCW 9.94A.537(3), (6); *State v. Stubbs*, 170 Wn.2d 117, 123-24, 240 P.3d 143 (2010). To reverse an exceptional sentence, we must find either that

---

[1] A party generally may not raise issues for the first time on appeal. RAP 2.5(a); *State v. Ford*, 137 Wn.2d 472, 477, 973 P.2d 452 (1999). But an illegal or erroneous sentence may be challenged for the first time on appeal. *Ford*, 137 Wn.2d at 477.

[2] The State does not argue that sufficient evidence exists to find that Hayes himself committed the conduct that would support the major economic crime enhancement. Accordingly, we do not address this issue.

[3] RCW 9.94A.535 has been amended several times since 2009, but these amendments do not affect our analysis.

the trial court record does not support the sentencing court's articulated reasons, that those articulated reasons do not justify a sentence outside the standard range for that offense, or that the length of the exceptional sentence was clearly excessive. RCW 9.94A.585(4).

## B. Analysis

The trial court's imposition of a sentence enhancement generally must depend on the defendant's own conduct. *State v. McKim*, 98 Wn.2d 111, 117, 653 P.2d 1040 (1982). Thus a defendant's culpability for an aggravating factor cannot be premised solely on accomplice liability for the underlying substantive crime without explicit evidence of the legislature's intent to create strict liability. *McKim*, 98 Wn.2d at 117. In *McKim*, our Supreme Court held that an accomplice must have knowledge that another participant was armed with a weapon in order to apply the deadly weapon enhancement to the accomplice. 98 Wn.2d at 117. But the jury was not so instructed and the Supreme Court vacated the enhancement. *McKim*, 98 Wn.2d at 118. In response, the legislature amended the deadly weapon statute to specifically apply to "the defendant or an accomplice." *State v. Bilal*, 54 Wn. App 778, 780, 776 P.2d 153, *review denied*, 113 Wn.2d 1020 (1989).

In *State v. Pineda-Pineda*, Division One of this court explained that without explicit statutory authorization for accomplice liability to support a sentence enhancement, a defendant's own acts must form the basis for the sentence enhancement. 154 Wn. App. 653, 657, 226 P.3d 164 (2010). The issue there was whether the school bus zone enhancement could apply to an accomplice who was not physically present in the school bus zone. *Pineda-Pineda*, 154 Wn. App. at 660. Division One noted that the "accomplice liability statute does not contain a triggering device for penalty enhancement[s; thus] the authority to impose a sentence

5

enhancement on the basis of accomplice liability must come from the specific enhancement statute." *Pineda-Pineda*, 154 Wn. App. at 661. As an example, the firearm enhancement statute, RCW 9.94A.533(3) contains language showing legislative intent to extend the firearm enhancement to accomplice liability by referring specifically to "the offender or an accomplice." Division One concluded that the school zone enhancement statute did not contain a triggering device for accomplice liability. *Pineda-Pineda*, 154 Wn. App. at 664-65.

Similarly, we conclude that the major economic offense sentence enhancement statute does not contain a triggering device that would extend its application to a conviction based on accomplice liability. Hayes's exceptional sentence was based on the major economic offense enhancement as defined in RCW 9.94A.535(3)(d). It provides, in pertinent part, that

> [T]he following circumstances are an exclusive list of factors that can support a sentence above the standard range[:]
>
> . . . .
>
> (d) The current offense was a major economic offense or series of offenses, so identified by a consideration of any of the following factors:
> (i) The current offense involved multiple victims or multiple incidents per victim;
> (ii) The current offense involved attempted or actual monetary loss substantially greater than typical for the offense;
> (iii) The current offense involved a high degree of sophistication or planning or occurred over a lengthy period of time; or
> (iv) The defendant used his or her position of trust, confidence, or fiduciary responsibility to facilitate the commission of the current offense.

RCW 9.94A.535(3)(d). Nothing in RCW 9.94A.535(3)(d) explicitly extends responsibility to an accomplice.

The State urges us not to follow *Pineda-Pineda* and argues that in *Pineda-Pineda* Division One misconstrued *State v. Silva-Baltazar*, 125 Wn.2d 472, 886 P.2d 138 (1994), and *McKim*, 98 Wn.2d 111. The State also cites Division One's opinion in *In re Pers. Restraint of*

*Howerton*, 109 Wn. App. 494, 36 P.3d 565 (2001), to support its argument to extend the major economic offense sentence enhancement to accomplices.

But the major economic offense enhancement is unlike the aggravating statutes in *Howerton* because there the pertinent statute actually mentioned accomplices, 109 Wn. App. at 499, and here RCW 9.94A.535 does not mention accomplice liability at all. Nonetheless, the State argues that the legislature intended for RCW 9.94A.535 to apply equally to accomplice liability because the applicable portion of the statute refers to the circumstances of "the current offense" rather than "the defendant." Br. of Resp't at 7. The State argues that this signals the legislative intent that the enhancement can be applied to any participant in the crime. The State is correct that three of the four alternatives in RCW 9.94A.535(3)(d) mention "the current offense" rather than "the defendant:"

> (i) **The current offense** involved multiple victims or multiple incidents per victim;
> (ii) **The current offense** involved attempted or actual monetary loss substantially greater than typical for the offense;
> (iii) **The current offense** involved a high degree of sophistication or planning or occurred over a lengthy period of time; or
> (iv) **The defendant** used his or her position of trust, confidence, or fiduciary responsibility to facilitate the commission of the current offense.

RCW 9.94A.535(3)(d) (emphasis added). And the two that the court instructed Hayes's jury on were (i) and (iii). But we are unpersuaded. Because *Pineda-Pineda* directs us to look for "triggering language" in a statute, we must look for language specifically invoking accomplice liability. We do not agree that using the term "the current offense" equates to legislative intent to apply the sentence enhancement to accomplices. Instead, if the legislature wanted this major economic offense enhancement to apply to accomplices, it could have easily and clearly

7

mentioned accomplice liability in RCW 9.94A.535 as it did in the firearm enhancement—"if the offender or an accomplice was armed with a firearm." RCW 9.94A.533(3). The legislature also clearly provided for accomplice liability in the sentence enhancement for crimes committed while in jail or state correctional facility—"if the offender or an accomplice committed the offense while in a county jail or state correctional facility." RCW 9.94A.533(5). Thus, the State's argument regarding legislative intent is not persuasive.

Further, the State argues that *Pineda-Pineda* incorrectly made a sweepingly broad ruling by treating all enhancement statutes the same when it made its decision based on whether the enhancement statute mentioned accomplice liability and that instead we should read the particular enhancement statute as a whole to determine the legislature's intent. But other than pointing to the language of "the current offense" rather than "the defendant," the State does not argue how RCW 9.94A.535 applied as a whole supports accomplice liability. We disagree with the State because every time that "the defendant" is referenced, the legislature chose not to say "the defendant or an accomplice." Also, we must read the entire RCW 9.94A.535 as a whole and nowhere in RCW 9.94A.535 did the legislature choose to reference accomplices.

Thus, the State rests its argument in support of the exceptional sentence solely on the basis that the major economic offense enhancement applies to Hayes even when the jury was instructed that Hayes could be found guilty of the underlying offense based on accomplice liability. We must reverse a sentence enhancement if the sentencing court's articulated reasons do not justify a sentence outside the standard range for that offense. RCW 9.94A.585(4). Here the sentencing court based the exceptional sentence on the jury's special verdict that Hayes's crime was a major economic offense. But because Hayes's conviction was based on accomplice

liability and the major economic offense sentence enhancement statute contains no triggering language for accomplice liability, the exceptional sentence was improper. We vacate the major economic offense sentence enhancement and remand for resentencing.

## II. CLERICAL ERROR ON JUDGMENT AND SENTENCE

Next, Hayes argues that his judgment and sentence erroneously lists four offenses as current offenses in his criminal history. Hayes asserts that this court reversed counts 9 (unlawful possession of a stolen vehicle), 21 (leading organized crime), and 22 (unlawful possession of a stolen vehicle); and the resentencing court dismissed count 20 (second degree stolen property possession) on remand. The State concedes error and agrees that the error must be corrected. The State also argues that Hayes's first degree identity theft conviction was inadvertently omitted from the defendant's criminal history and should be added. We agree and accept the State's concession.

A clerical error is one that, if amended, "correctly convey[s] the intention of the court based on other evidence." *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). The record reflects the court's intention here that it did not consider the reversed and dismissed charges at resentencing.[4] And the record reflects the court's intention to consider the first degree identity theft charge as a current conviction at resentencing.

Because the error is clerical in nature, it does not provide an independent ground for resentencing. We remand to the trial court to enter a corrected judgment and sentence.

---

[4] One unlawful stolen vehicle possession count was charged under a separate cause number and the court signed a dismissal order on the day of resentencing and indicated that it was doing so at the resentencing hearing.

Reference to the two unlawful stolen vehicle possession counts, one second degree stolen property possession count, and one leading organized crime count should be stricken from Hayes's judgment and sentence on remand. And reference to one first degree identity theft count should be added to the judgment and sentence's criminal history section as a current charge.

We vacate Hayes's sentence enhancement and remand for resentencing. We also direct the court on remand to correct the judgment and sentence consistent with this opinion.

_____
Johanson, A.C.J.

We concur:

_____
Melnick, J.

_____
Bjorgen, J.