IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36123-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY RENE VASQUEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. —Anthony Vasquez appeals his sentence following a remand for

resentencing on convictions for first degree murder while armed with a firearm, second

degree unlawful possession of a firearm, and tampering with a witness. He contends, and

we agree, that a remand is appropriate to correct a clerical error on the judgment and

sentence. We otherwise affirm Mr. Vasquez's sentence and reject contentions that he

raises in a statement of additional grounds for review.

FACTS AND PROCEDURE

In 2015, a jury found Anthony Vasquez guilty of aggravated first degree murder,

second degree unlawful possession of a firearm, tampering with a witness, and three

counts of drive-by shooting. The drive-by shootings served as the aggravator for the

murder conviction. The court sentenced Anthony Vasquez to life imprisonment without parole for the aggravated first degree murder conviction, plus a sixty-month firearm enhancement.

On appeal, we reversed and dismissed the three drive-by shooting convictions, struck the drive-by shooting aggravator attached to the first degree murder conviction, and affirmed the other convictions. *State v. Vasquez*, 2 Wn. App. 2d 632, 415 P.3d 1205 (2018). Thus, we reduced the aggravated first degree murder conviction to simply first degree murder. We instructed that on remand Anthony Vasquez must be sentenced for nonaggravated first degree murder with the sixty-month firearm enhancement following his ultimate sentence.

Anthony Vasquez's standard range for first degree murder with a seriousness level of "XV" and an offender score of "9 or more" was 411-548 months. RCW 9.94A.510. His actual offender score was 12. On resentencing, the State requested an exceptional sentence, and Vasquez sought a midpoint standard range sentence. The resentencing court imposed a 600-month exceptional sentence for the murder based on the aggravating factor that Vasquez's "high offender score results in some of the current offenses going unpunished." RCW 9.94A.535(2)(c). The court imposed sixty-month standard range sentences on both the witness tampering and unlawful firearm possession counts. The resentencing court declared that the sentences for all three counts would run concurrently and the firearm enhancement would run consecutively, for a total of 660 months in

2

confinement. The judgment and sentence includes a space in paragraph 4.1(a) to specify the number of months of total confinement ordered, but the resentencing court left the space blank. Boilerplate paragraph 4.1(b) states that "[a]ll counts shall be served concurrently, except for the portion of those counts for which there is an enhancement[.]" Clerk's Papers at 76.

## ANALYSIS

Anthony Vasquez's sole contention on appeal is that the trial court's omission of the number of months of total confinement ordered is a clerical error that requires a remand for the court to correct the judgment and sentence. A clerical error in a judgment and sentence "is one that, when amended, would correctly convey the intention of the court based on other evidence." *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). If an error is clerical in nature, it does not provide an independent ground for resentencing. *State v. Hayes*, 177 Wn. App. 801, 811, 312 P.3d 784 (2016). The remedy is a remand to the trial court to correct the judgment and sentence. *State v. Hayes*, 177 Wn. App. 801, 811 (2016).

The resentencing court declared that Anthony Vasquez's sixty-month sentences for unlawful firearm possession and witness tampering would run concurrently with the 600-month exceptional sentence for the murder and the 60-month firearm enhancement would be served consecutively for a total sentence of 660 months. The State contends the above-noted boilerplate language in paragraph 4.1(b) of the judgment and sentence

adequately communicates the judge's intent, but the State acknowledges, but the State does not object to a correction of the oversight and agrees to present the matter to the trial court.

We remand to the trial court for the sole purpose of correcting paragraph 4.1(a) of Anthony Vasquez's judgment and sentence to specify that the actual number of months of total confinement is 660. Since the remand involves only a ministerial correction and no exercise of discretion, Vasquez's presence is not required. *State v. Ramos*, 171 Wn.2d 46, 48, 246 P.3d 811, 812 (2011).

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Anthony Vasquez asserts numerous statements of additional grounds for review. He contends the jury rendered irreconcilably inconsistent verdicts when it convicted him of first degree murder under both the premeditation and extreme indifference to human life alternatives. He highlights that the jury's answer on the special verdict form indicated unanimity as to both alternatives, but the general verdict form finding him guilty of first degree murder did not designate any alternatives. Thus, in the first appeal, he argued this created an ambiguity that entitled him to resentencing to nonaggravated first degree murder under the rule of lenity because aggravators, such as the drive-by shooting aggravator, only apply to premeditated first degree murder and not to extreme indifference first degree murder.

4

Our earlier reversal of Anthony Vasquez's aggravated murder conviction moots Vasquez's contentions. Vasquez now requests us to revisit the inconsistent verdicts and grant him the remedy of a new trial. But his argument amounts to a new challenge to the merits of the nonaggravated first degree murder conviction that is beyond the scope of the remand for resentencing and is not properly before us in this second appeal. A defendant is generally prohibited from raising issues in a second appeal that could have been raised in first appeal. *See State v. Mandanas*, 163 Wn. App. 712, 716, 262 P.3d 522 (2011).

Anthony Vasquez contends the resentencing court abused its discretion when it sentenced him to "another life sentence" of 660 months, after this court previously vacated his life without parole sentence. He complains that the trial court found a way around this court's remand by using a second aggravator without fact-finding by a jury to impose another life sentence at the prosecutor's urging.

On remand, Anthony Vasquez was sentenced anew to a 660-month determinate sentence that is not a "life sentence" because he will become eligible for release. Because Vasquez's high offender score would result in current offenses going unpunished, the court was authorized to use the aggravating factor in RCW 9.94A.535(2)(c) to impose an exceptional sentence above the 548-month high end of the standard range for first degree murder. The legislature expressly authorizes sentencing courts to use this circumstance to impose an aggravated exceptional sentence without a

5

finding of fact by a jury. RCW 9.94A.535(2). And the consecutive sixty-month firearm enhancement is authorized under RCW 9.94A.533(3)(a), (e).

Anthony Vasquez complains about the length of his sentence. But the length of an exceptional sentence will not be reversed as clearly excessive absent an abuse of discretion. *State v. Branch*, 129 Wn.2d 635, 645–46, 919 P.2d 1228 (1996). A sentence is clearly excessive if it is based on untenable grounds or untenable reasons, or an action no reasonable judge would have taken. *State v. Branch*, 129 Wn.2d at 650. The resentencing court based Vasquez's 600-month exceptional sentence for first degree murder and an overall 660-month sentence on tenable grounds.

Anthony Vasquez next contends his 660-month sentence is cruel punishment based on the Washington Supreme Court's decision in *State v. Bassett*, 192 Wn.2d 67, 428 P.3d 343 (2018). In *Bassett*, our Supreme Court held that sentencing 16- or 17-year-old juvenile offenders to life without parole or early release is cruel punishment and therefore RCW 10.95.030(3)(a)(ii) is unconstitutional under article I, section 14. *State v. Bassett*, 192 Wn.2d at 90. *Bassett* has no application to Anthony Vasquez's case because he was age 23 when he committed the murder and has not received a mandatory life sentence.

Anthony Vasquez requests a remand for the sentencing court to consider whether his youthfulness at the time of the crime justifies an exceptional sentence below the standard range. But he neither requested an exceptional sentence below the standard

range nor asserted his age as a mitigating factor at his resentencing hearing. Thus, Anthony Vasquez waived the contention.

In another additional ground, Anthony Vasquez contends his convictions for first degree murder and second degree unlawful possession of a firearm should be considered the same criminal conduct for offender score purposes. To constitute the same criminal conduct, two or more criminal offenses must involve the same objective criminal intent, the same victim, and occur the same time and place. RCW 9.94A.589(1)(a). The trial court's determination of whether offenses encompass the same criminal conduct is reviewed for an abuse of discretion or misapplication of law. *State v. Haddock*, 141 Wn.2d 103, 110, 3 P.3d 733 (2000). Here, the victim of the murder was Juan Jesus Garcia. The victim of the offense of unlawful possession of a firearm is the general public. *State v. Haddock*, 141 Wn.2d at 110-11. Thus, the murder and firearm possession convictions fail the same criminal conduct test as a matter of law, and the resentencing court properly counted them separately in the offender score.

Finally, Anthony Vasquez contends his sixty-month firearm enhancement must be stricken as unauthorized by statute and also renders his overall 660-month sentence for first degree murder in excess of the statutory maximum. We disagree. As noted above, the consecutive sixty-month firearm enhancement is authorized under RCW 9.94A.533(3)(a), (e). The statutory maximum sentence for the class A felony first degree

7

murder is life imprisonment. RCW 9A.32.030(2); RCW 9A.20.021(1)(a). Anthony

Vasquez's sentence is within that maximum.

## CONCLUSION

We affirm Anthony Vasquez's convictions to the extent we affirmed the

convictions in the first appeal. We remand to the resentencing court solely for the

purpose of inserting the total length of commitment in the judgment and sentence. We

deny the State costs on appeal.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Pennell, A.C.J.

_____
Siddoway, J.

8