**FILED**
**DECEMBER 19, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36487-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TRAVIS LEE PADGETT, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Travis Padgett appeals from the amended judgment and sentence entered for his Yakima County convictions on 12 felony counts. He contends, and the State concedes, that a remand is necessary to strike the $100 DNA (deoxyribonucleic acid) collection fee and to correct scrivener's errors on the judgment document. We agree and remand for those limited purposes. We reject Mr. Padgett's contention raised in a statement of additional grounds for review and otherwise affirm his sentence.

FACTS AND PROCEDURE

In light of the limited issues raised, the facts leading to Mr. Padgett's convictions are unimportant to this appeal. The trial court heard Padgett's case in a single hearing on

remand after two successful appeals.[1]  Padgett waived his presence at the hearing.  He

was represented by attorney Robert Thompson, who had also represented him at the

original sentencing hearing.

At the remand hearing, Mr. Thompson related that Mr. Padgett had discovered

through a public disclosure request that the Department of Corrections (DOC)

presentence investigation (PSI) questionnaire he filled out never made it to the PSI writer.

Padgett was, thus, concerned about the reliability of the PSI.  The deputy prosecutor

explained that the PSI writer, Roger Martinez, noted in the PSI that he "obtained a

defendant's statement regarding the offense."  Report of Proceedings (Nov. 2, 2018)

(RP) at 12.  Both counsel confirmed that Padgett had provided allocution at the original

sentencing hearing.  Mindful of Padgett's concerns, Mr. Thompson stated, "As I stand

here, I can't prove that it would have materially impacted the PSI."  RP at 10.  The court

commented that the issue of whether the questionnaire would have a material impact on

either the recommendation of the PSI author or the court's sentencing decision was not

raised to the extent it could be ruled on.

---

[1] *See State v. Padgett,* No. 32927-5-III, 2017 WL 888624 (Wash. Ct. App. Mar. 2, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/329275_unp.pdf. (vacating conviction for delivery of methamphetamine in count 8 and remanding for resentencing), *review denied*, 188 Wn.2d 1018, 396 P.3d 345 (2017); *State v. Padgett*, 4 Wn. App. 2d 851, 424 P.3d 1235 (2018) (reversing trial court orders that denied Padgett's motion for copies of his client file and discovery materials, and remanding for further proceedings).

In entering the amended judgment and sentence, the court found Mr. Padgett indigent and struck various discretionary legal financial obligations (LFOs). Because Padgett's criminal history included a 2006 felony conviction for bail jumping, the parties agreed that the $100 DNA collection fee should be struck. The court announced its intent to strike the fee, but it remains on the amended judgment and sentence.[2] Padgett appeals.

ANALYSIS

DNA COLLECTION FEE. Mr. Padgett contends the $100 DNA collection fee must be struck from his judgment and sentence based on *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). The State concedes this point, and we agree.

Engrossed Second Substitute House Bill 1783, which became effective June 7, 2018, prohibits trial courts from imposing discretionary LFOs on defendants who are indigent at the time of sentencing. LAWS OF 2018, ch. 269, § 6(3); *Ramirez,* 191 Wn.2d at 745-47. The change in the law prohibits imposition of the DNA collection fee when the State has previously collected the offender's DNA as a result of a prior conviction. LAWS OF 2018, ch. 269, § 18; RCW 43.43.7541. The new statute applies prospectively to cases that are on direct appeal. *Ramirez*, 191 Wn.2d at 747.

---

[2] Consistent with this court's instructions on remand, the trial court also signed an order requiring counsel to turn over portions of Mr. Padgett's client file. He does not assign error to that order in this appeal.

The record establishes that Mr. Padgett has a 2006 Washington felony conviction for bail jumping. Since 2002, Washington law has required defendants with a felony conviction to provide a DNA sample. *State v. Catling*, 193 Wn.2d 252, 259, 438 P.3d 1174 (2019); *see also* RCW 43.43.754; LAWS OF 2002, ch. 289, § 2. Padgett's prior felony conviction gives rise to a presumption that the State has previously collected a DNA sample from him. The State does not contest this presumption. We, therefore, direct the trial court to strike the DNA collection fee, as it had intended to do.

SCRIVENER'S ERRORS. Mr. Padgett contends, and the State again concedes, that the amended judgment and sentence contains several scrivener's or clerical errors that should be corrected on remand.

A clerical error is one that, when amended, would correctly convey the intention of the court based on other evidence. *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011). If an error is clerical in nature, it does not provide an independent ground for resentencing. *State v. Hayes*, 177 Wn. App. 801, 811, 312 P.3d 784 (2013), *aff'd*, 182 Wn.2d 556, 342 P.3d 1144 (2015). The remedy for clerical or scrivener's errors in judgment and sentence forms is to remand to the trial court for correction. *State v. Coombes*, 191 Wn. App. 241, 255, 361 P.3d 270 (2015).

Mr. Padgett points out the following scrivener's errors in the amended judgment and sentence:

4

1. The header on page 1 states that the clerk's action required is "Dismissal of Count 9." Clerk's Papers (CP) at 51. This court dismissed count 8 for insufficient evidence in COA No. 32927-5-III and did not similarly dismiss count 9. The reference to count 9 is a scrivener's error and should be corrected to instead reflect dismissal of count 8.

2. Paragraph 1.2 states: "The defendant was given the right of allocution and asked if any legal cause existed why judgment should not be entered." CP at 51. "Allocution" refers to the personal right of a defendant to plead for mercy before the court imposes sentence. *See In re Pers. Restraint of Echeverria*, 141 Wn.2d 323, 339 n.54, 6 P.3d 573 (2000). Mr. Padgett waived his presence and was, thus, not given the right of allocution at the remand hearing. The above-quoted language in paragraph 1.2 was included by clerical oversight and should be struck.

3. Paragraph 2.1 lists the crime date for count 1 as occurring on, about, during or between May 11, 2012 and January 17, 2014, whereas the amended information under which Mr. Padgett was tried and the to-convict jury instruction both list the crime date as occurring on, about, during or between May 11, 2012 and January 17, 2013. The reference to January 17, 2014 is a scrivener's error. Thus, as pertains to count 1, paragraph 2.1 should be corrected to replace January 17, 2014 with January 17, 2013.

4. Paragraph 2.1 lists the crime date for count 9 as January 1, 2013, whereas the amended information and to-convict jury instruction both list the crime date as on, about,

during or between January 1, 2013 and January 17, 2013. Omission of the entire date range is a scrivener's error. Thus, as pertains to count 9, paragraph 2.1 should be corrected to replace January 1, 2013 with on, about, during or between January 1, 2013 and January 17, 2013.

5. Paragraph 2.1 lists the crime date for count 10 as on, about, during or between August 1, 2012 and January 31, 2014, whereas the amended information and to-convict jury instruction both list the crime date as on, about, during or between August 1, 2012 and January 31, 2013. Reference to January 31, 2014 is a scrivener's error. Thus, as pertains to count 10, paragraph 2.1 should be corrected to replace January 31, 2014 with January 31, 2013.

6. The court found Mr. Padgett indigent and struck the discretionary LFOs, but, by clerical oversight, did not strike the following boilerplate language in paragraph 2.7:

> **Financial Ability:** The Court has considered the total amount owing, the defendant's past, present, and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. The court finds that the defendant is an adult and is not disabled and therefore has the ability or likely future ability to pay the legal financial obligations imposed herein. RCW 9.94A.753.

CP at 53. In light of the court's indigency finding, the above paragraph should be struck.

We direct the court on remand to make each of the above-stated corrections to the amended judgment and sentence. Given that none of the corrections or striking of the

6

DNA fee will involve an exercise of discretion, Mr. Padgett's presence is not required.

*See State v. Ramos*, 171 Wn.2d 46, 48, 246 P.3d 811 (2011).

### STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Mr. Padgett has filed a statement of additional grounds for review alleging government misconduct on the part of the DOC in its handling of his presentence questionnaire. As Mr. Thompson alluded to at the resentencing hearing, Padgett obtained, through a public records request, a printout of OMNI Chrono entries in his DOC file that suggest his completed presentence questionnaire was thrown away and never given to the PSI report writer, Roger Martinez. Padgett asserts that Martinez not only made his sentencing recommendation without considering the questionnaire, but based his recommendation on a false, preconceived notion that he (Padgett) was not willing to cooperate because he refused to complete the questionnaire.

Mr. Padgett did not allege government misconduct below. His concern, expressed through Mr. Thompson, was the reliability of the PSI. The court, in essence, determined the issue was not sufficiently presented to merit relief—a determination that is not challenged. In any event, resolution of a government misconduct claim would rest on facts outside the appellate record. The appropriate forum for resolution is a personal restraint petition. *See State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). We reject Padgett's claim in this appeal.

No. 36487-9-III
*State v. Padgett*

Remand to strike the $100 DNA collection fee and to correct scrivener's errors as set forth in this opinion. The amended judgment and sentence is otherwise affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, J.

8