**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38371-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| JENNIFER L. WEMHOFF, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — The legislature recently amended RCW 9.94A.703. The amendment removes the condition, waivable by the trial court at sentencing, requiring defendants to pay community custody supervision fees.

The question on appeal is whether this amendment, effective after sentencing but before the termination of the appeal, applies here. Because amendments to statutes imposing costs on criminal defendants apply to cases on appeal, we conclude the amendment applies here. We remand for the trial court to strike its imposition of the community custody supervision fees and for correction of a scrivener's error.

No. 38371-7-III
*State v. Wemhoff*

FACTS

Jennifer Wemhoff pleaded guilty to two counts of identity theft in the first degree and three counts of theft in the first degree. On July 26, 2021, the trial court sentenced her to an exceptional sentence of 48 months of confinement, followed by 12 months of community custody. The court did not discuss or alter the standard provision in the judgment and sentence that required payment of supervision fees for community custody. In addition, Ms. Wemhoff's judgment and sentence included a prior misdemeanor conviction for frequenting a drug house. The date listed for that crime was December 6, 2011, and the date listed for sentencing was February 21, 2021. Apparently, the last two numbers in the year were transposed. Ms. Wemhoff timely appealed.

ANALYSIS

Ms. Wemhoff argues the trial court erred when it imposed community custody supervision fees and her sentence contains a scrivener's error. We address each argument in turn.

A.    COMMUNITY CUSTODY SUPERVISION FEES

RCW 9.94A.703 sets forth which community custody conditions a trial court must impose and which it may waive. Until recently, former RCW 9.94A.703(2)(d) (2018) provided: "Unless waived by the court, as part of any term of community custody, the

2

No. 38371-7-III
*State v. Wemhoff*

court shall order an offender to . . . [p]ay supervision fees as determined by the [Department of Corrections]."  Earlier this year, the legislature amended the statute.  *See* SECOND SUBSTITUTE H.B. 1818, 67th Leg., Reg. Sess. (Wash. 2022).  The amendment has an effective date of July 1, 2022, and deletes the subsection from the statute.  We first must determine whether the former statute or the amended statute applies.

The State contends RCW 9.94A.345 controls the disposition of this question.  The statute provides: "[A]ny sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed."  This statute, however, has never been extended to costs imposed on a criminal defendant.

In *State v. Blank*, 131 Wn.2d 230, 233-34, 930 P.2d 1213 (1997), two indigent defendants challenged the constitutionality of RCW 10.73.160, which permits appellate courts to impose appellate costs on adult offenders.  That statute was enacted while their appeals were pending.  *Id.* at 234.  In addition to other constitutional arguments, the defendants asserted that retroactive application of the statute to them violated their equal protection and due process rights.  *Id.* at 249.  In refuting this argument, the *Blank* court explained why application of the statute to them was prospective, not retroactive:

3

No. 38371-7-III
*State v. Wemhoff*

> [A] statute does not operate retroactively "merely because it relates to prior facts or transactions where it does not change their legal effect. It is not retroactive because some of the requisites for its actions are drawn from a time antecedent to its passage . . . ." *State v. Scheffel*, 82 Wn.2d 872, 879, 514 P.2d 1052 (1973). "A statute operates prospectively when the precipitating event for [its] application . . . occurs after the effective date of the statute . . . ." *Aetna Life Ins. Co. v. Wash. Life & Disability Ins. Guar. Ass'n*, 83 Wn.2d 523, 535, 520 P.2d 162 (1974).

*Id.* at 248 (alterations in original). The *Blank* court held, "The precipitating event for application of a statute concerning attorney fees and costs of litigation is termination of the case." *Id.* at 249.

In *State v. Ramirez*, 191 Wn.2d 732, 748, 426 P.3d 714 (2018), the court considered an amendment to RCW 10.01.160, which prohibits trial courts from imposing discretionary costs on defendants who are indigent at the time of sentencing. There, the court noted in *Blank*, "we held that a statute imposing appellate costs applied prospectively to the defendants' cases on appeal." *Id.* The court noted that the subject matter regulated the trial court's ability to impose costs on indigent defendants at sentencing. *Id.* at 749. Nonetheless, it concluded that the precipitating event for the statute was termination of the appeal and held that the amendment applied to the defendant's case. *Id.*

In *State v. Jenks*, 197 Wn.2d 708, 711, 487 P.3d 482 (2021), the defendant was sentenced to life without parole as a persistent offender. His persistent offender status

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38371-7-III
*State v. Wemhoff*

was based in part upon a previous conviction for second degree robbery. *Id.* While his case was on appeal, the legislature removed second degree robbery from the list of "most serious offenses" that count as strikes under the persistent offender law. *Id.* The court concluded that the former version of the statute controlled the outcome of the defendant's appeal. *Id.* at 715. Relevant to our decision here, the *Jenks* court reconciled its conclusion with *Ramirez*. The *Jenks* court explained that the "triggering event [in *Ramírez*] was the termination of all appeals, at which point the costs were finalized." *Id.* at 723. Thus, cost statutes in effect at the conclusion of a defendant's appeal apply to a defendant's case.

Ms. Wemhoff argues she should benefit from the amendment because, as in *Ramirez*, her conviction is not yet final. We agree. Former RCW 9.94A.703(2)(d) involved a cost imposed by the trial court and that cost was not finalized until the termination of all appeals. We remand for the trial court to strike its imposition of the community custody supervision fees.

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38371-7-III
*State v. Wemhoff*

## B.  SCRIVENER'S ERROR

Ms. Wemhoff contends her judgment and sentence incorrectly lists the date of sentencing for a prior crime and requests that we remand so the trial court can correct its scrivener's error.  A scrivener's error is a clerical mistake that, when amended, would correctly convey the trial court's intention based on other evidence.  *State v. Davis*, 160 Wn. App. 471, 478, 248 P.3d 121 (2011).  The State concedes a scrivener's error occurred and the error should be corrected.  We agree, the transposition of the last two numbers of the year of sentencing is a scrivener's error.  Correction of this type of error does not require resentencing.  *State v. Hayes*, 177 Wn. App. 801, 811, 312 P.3d 784 (2013), *aff'd*, 182 Wn.2d 556, 342 P.3d 1144 (2015).

Remanded.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____       _____
Pennell, J.                                                    Staab, J.

6